Kenneth L. Neeley, 025899
Nicholas T. Van Vleet, 026933
Geoffrey M. Khotim, 019513
Karen G. Bentley, 034148
**NEELEY LAW FIRM, PLC**
1120 S. Dobson Rd., Ste. 230
Chandler, AZ 85286
Phone: 480.802.4647 | Fax: 480.907.1648
Email: ECF@neeleylaw.com
*Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| **TROY D. STAFFORD** | Case No.: 2:22-bk-00609-EPB |
| and | |
| **XOCHITL B. STAFFORD**, | **MOTION TO CONVERT CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7** |
| Debtors. | |

Troy D. Stafford and Xochitl B. Stafford, ("Debtors"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 1112(a), respectfully request that this court enter an Order converting this case under Chapter 11 to a case under Chapter 7 on the grounds set forth below.

1. On November 18, 2015 (the "Petition Date"), Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.

2. On February 22, 2022, Debtors received devastating news of a critical health condition in the family.

3. Prior to February 22, 2022, Debtor husband was already concerned about the stability of his job. His backup plan had been to take work out of state. However, due to the news received on February 22, 2022, that is no longer possible.

4. On February 28, 2022, Debtors completed, signed, and filed schedules and statements in their case. Their budget shows that no payment to creditors in Chapter 11 will be feasible.

5. Medical expenses over coming years will be unpredictable, substantial, and sustained.
6. Debtors therefore agree – based on the change in circumstances since the Petition Date – with the assertion made by creditor Robert Spencer in his motion filed February 7, 2022, that "a Chapter 7 trustee, who will responsibly maintain and preserve estate assets for the benefit of creditors and who would have the ability and incentive to liquidate all assets and causes of actions held by the bankruptcy estate, would be far more beneficial to creditors than to have Debtors continue [in Chapter 11]."
7. Debtor has not received a discharge under Chapter 7, 11, or 12 in a case filed during the eight-year period preceding the filing of this case.
8. This case has not been previously converted under Sections 1112, 1208, or 1307.
9. Section 1112(a) provides:

> The debtor may convert a case under this chapter to a case under chapter 7 of this title unless—
> (1) the debtor is not a debtor in possession;
> (2) the case originally was commenced as an involuntary case under this chapter; or
> (3) the case was converted to a case under this chapter other than on the debtor's request.

10. None of the restrictions in Section 1112(a) apply.
11. The Debtors qualify to be debtors under Chapter 7.
12. The case should be converted.

WHEREFORE, Debtors request that this Court enter an Order converting this case under Chapter 11 to a case under Chapter 7 of the Bankruptcy Code.

DATED: March 2, 2022  **NEELEY LAW FIRM, PLC**

*/s/ Kenneth L. Neeley*
Kenneth L. Neeley
*Attorney for Debtors*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was submitted on March 2, 2022, in the United States Bankruptcy Court for filing and transmittal of notice of electronic filing, per LR 9076-1, to the United States Trustee, the Chapter 11 Trustee and the ECF registrants appearing in this case.

By: */s/ Kenneth L. Neeley*